**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | : CIVIL ACTION NO. 10-2269 (MLC) |
| Plaintiff, | : |
| v. | : **O P I N I O N** |
| NIKOLAOS ALEXOPOULOS, et al., | : |
| Defendants. | : |
| NIKOLAOS ALEXOPOULOS, et al., | : |
| Third-party Plaintiffs, | : |
| v. | : |
| CTX MORTGAGE COMPANY, LLC, et al., | : |
| Third-party Defendants. | : |

**THE COURT** ordered the third-party defendants, CTX Mortgage Company, LLC, and Scott Alter (collectively, "CTX Parties"), to show cause why the entire case should not be remanded because the third-party claims are not separate and independent from the first-party claims. (Dkt. entry no. 5, Order To Show Cause.) The plaintiff, Aurora Loan Services, LLC ("ALS") commenced the first-party action seeking foreclosure in New Jersey state court in 2008 ("State Foreclosure Action"). (Dkt. entry no. 1, Rmv. Not. at 1 (noting state-court docket number ends in "08").)[1] Nikolaos Alexopoulos and Luisa Alexopoulos (collectively, "Alexopoulos

---

[1] The Westlaw database confirms that the State Foreclosure Action was commenced in 2008 under state-court number F-29844-08.

Parties"), who are two of the defendants in the State Foreclosure Action, brought a third-party action against the CTX Parties in February 2010.  (Id., Ex. A, Answer, Counterclaims, & Third-party Compl.)[2]  The Alexopoulos Parties allege that the CTX Parties fraudulently misled them in the refinancing of their mortgage, and conspired with ALS in that fraudulent conduct.  (Id. at 6-35.)  The CTX Parties removed the entire case under 28 U.S.C. § 1331, based upon the claims asserted by the Alexopoulos Parties under federal law in the third-party action.  (Rmv. Not. at 1-2.)

**WHETHER** a third-party defendant may seek the removal of an entire case is an open question.  See Bank of N.Y. v. Ukpe, No. 09-1710, 2009 WL 4895253, at *5-6 (D.N.J. Dec. 9, 2009) (discussing same).  Assuming, arguendo, that such a removal is permitted, a third-party defendant may remove an entire case only if the third-party claims are "separate and independent" from the first-party claims. Id. at *6. Thus, if a third-party claim is "substantially derived from the same set of facts" as a first-party claim that is no longer removable, then the third-party claim is not a separate and independent claim. Id. at *7. It appears that the third-party claims by the Alexopoulos Parties concerning fraud underlying the refinancing of their mortgage are substantially derived from the main foreclosure action, and thus are not removable.  See id. at

---

[2]  The third-party action could be interpreted to include ALS as a third-party defendant.  However, it is apparent that the claims asserted against ALS are actually counterclaims.

\*1-2, \*7 (remanding entire case where first-party plaintiff brought state-court foreclosure action, defendant/third-party plaintiff brought third-party claim under federal law, and third-party defendant sought removal of entire case).

**THE COURT** has reviewed the response of the CTX Parties. (See dkt. entry no. 6, Response to Order To Show Cause.)  The CTX Parties admit that "the foreclosure and the third party claims arise out of the . . . mortgage loan [of the Alexopoulos Parties]". (Id. at 6.)  The CTX Parties have not convinced the Court to not follow Ukpe.  See 2009 WL 4895253, at \*1-\*2, \*7; see also LaSalle Bank Nat'l Ass'n v. Murray, No. 09-791, 2009 WL 3485707, at \*1 (W.D. Mich. Oct. 28, 2009) (remanding entire case removed by third-party defendant where third-party complaint sought to vacate mortgage on which foreclosure at issue in first-party action was based); HSBC Bank USA, N.A. v Pinkston, No. 08-1662, 2008 WL 4791816, at \*2 (M.D. Fla. Oct. 31, 2008) (remanding entire case removed by third-party defendant where third-party complaint's Federal Truth In Lending Act claim "stems from the same transaction as the [first-party plaintiff's] . . . mortgage foreclosure claims").  Therefore, the Court will remand the entire case.  The Court will issue an appropriate order and judgment.

                                     s/ Mary L. Cooper  
                                     **MARY L. COOPER**  
                                     United States District Judge

Dated:  November 29, 2010